# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JACKY DON KENDRICK**                                                                                   **PLAINTIFF**

**V.**                         **NO. 4:24-CV-00221 KGB-PSH**

**MARTIN J. O'MALLEY, Commissioner of**
**SOCIAL SECURITY ADMINISTRATION**                                                **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to Chief United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Chief Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.   Introduction:**

On February 1, 2021, Michael Kendrick filed a Title II application for disability and disability insurance benefits, alleging that his disability began on October 6, 2019. (Tr. at 17). The application was denied initially and upon reconsideration. *Id*. On March 9, 2023, after conducting a hearing, an administrative law judge (ALJ) issued an unfavorable decision, finding that Mr. Kendrick had not

been under a disability from the alleged onset date of October 6, 2019, through the date of the decision. (Tr. at 17-27). The Appeals Council denied Mr. Kendrick's request for review of the hearing decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Kendrick has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner's Decision:

Mr. Kendrick, who was 29 years old on the alleged onset date, meets the insured status requirements of the Social Security Act through December 31, 2024. (Tr. at 19, 26). The ALJ found that Mr. Kendrick had not engaged in substantial gainful activity since the alleged onset date.[1] (Tr. at 20). At Step Two, the ALJ found that Mr. Kendrick had the following severe impairments: lumbar spine stenosis and degenerative disc disease, thoracic spine degenerative disc disease and minor scoliosis, bipolar disorder, schizophrenia, intermittent explosive disorder, and syncope. *Id*.

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

After finding that Mr. Kendrick's impairments did not meet or equal a Listed Impairment (Tr. at 20-22),[2] the ALJ determined that Mr. Kendrick had the residual functional capacity (RFC) to perform work at the light exertional level, with additional limitations: (1) no climbing of ladders, ropes, or scaffolds; (2) no more than occasional climbing of ramps or stairs; (3) no more than occasional stooping, crouching, kneeling, and crawling; (4) he can understand, remember, and carry out simple, routine, and repetitive tasks; (5) he can respond to usual work situations and routine work changes; and (6) he can have no contact with the general public, except for incidental contact. (Tr. at 22).

At Step Four, the ALJ determined that Mr. Kendrick is unable to perform any past relevant work. (Tr. at 26-27). The ALJ next found that, based upon the testimony of a Vocational Expert (VE) and considering Mr. Kendrick's age, education, work experience, and RFC, Mr. Kendrick was able to perform work in the national economy. *Id.* Therefore, the ALJ found that Mr. Kendrick was not disabled. *Id.*

**III.   Discussion:**

    A.   Standard of Review

---

[2] 20 C.F.R. Part 404, Subpt. P, App'x 1, Adult Listing of Impairments (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B.   Mr. Kendrick's Arguments on Appeal

Mr. Kendrick, who appeared *pro se* at the hearing, contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. His attorney now argues that: (1) the ALJ failed to properly develop the record; (2) the ALJ erred in his evaluation of Mr. Kendrick's subjective complaints; and (3) the RFC failed to fully incorporate all of Mr. Kendrick's limitations. The Court finds support for Mr. Kendrick's first argument.

This reversal is based upon Mr. Kendrick's allegations of back pain, so the Court limits its discussion thereto.[3] Mr. Kendrick told his doctors throughout the relevant time-period that he had chronic back pain. The Court recognizes that until August 30, 2022, objective imaging did not show chronic conditions. However, a lumbar MRI on that date showed multilevel degenerative disc disease with stenosis. (Tr. at 979-982). A thoracic MRI on that date showed multilevel degenerative disc disease, disc protrusion, and stenosis with contact with the ventral cord. *Id*. Physical therapy records prior to August 2022 showed that Mr. Kendrick had 10 out of 10 pain with difficulty performing daily activities. (Tr. at 920-925). Mr. Kendrick told

---

[3] See *Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

the physical therapist that prior conservative treatment for back pain had not helped, and that pain was affecting sleep, emotions, and relationships. *Id*. The physical therapist noted decreased range of motion in the lumbar spine, and he said that Mr. Kendrick had difficulty arising from a sitting position. (Tr. at 923). The objective MRI findings and the PT records are consistent with one another.

Mr. Kendrick testified at the hearing that his doctor told him to proceed with a fusion surgery soon to remedy his conditions. (Tr. at 54-55). He told the ALJ that appointment had been set. *Id.*

The problem here is that the ALJ did not obtain RFC opinion evidence subsequent to the August 30, 2022 MRIs (the relevant time-period ended on March 9, 2023, the date of the ALJ's decision). (Tr. at 27). Two non-examining agency medical experts opined in August 2021 and May 2022 that Mr. Kendrick had no severe physical impairments. (Tr. at 76, 85). A consultative medical examiner saw Mr. Kendrick on March 15, 2021, over a year before the conclusive MRIs were taken, and he found no severe medical impairment, and no restrictions on physical abilities in the workplace. (Tr. at 760-769). Notably, the examiner's notes were virtually illegible. The ALJ did not comment on the first two opinions at all, and she found that the consultative examiner's opinion was not fully persuasive. (Tr. at 25). She did not seek opinion evidence subsequent to the 2022 MRIs. She created an RFC

6

without objective opinion evidence about what Mr. Kendrick could actually do in a work setting. Given the August 2022 MRIs showing moderate conditions, including spinal cord involvement, the ALJ should have ordered a follow-up examination or recontacted the medical experts. The ALJ was also dismissive of the physical therapy records showing that pain affected all aspects of Mr. Kendrick's daily life. (Tr. at 24).

An ALJ must obtain a modicum of RFC opinion evidence, and in this case, when all of the RFC opinions predated critical objective MRI findings, develop the record further before determining the RFC. See *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000); *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace); *Stoufer v. Kijakazi*, Case No. 2:22-02140-PKH-MEF, 2023 U.S. Dist. LEXIS 230950 *8 (W.D. Ark. Dec. 11, 2023) (reversal required when "the ALJ set out the RFC finding without relying on any supporting evidence from a medical source regarding the Plaintiff's ability to perform work-like tasks"); *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994) (an ALJ has a duty to develop the record). While the RFC determination is the province of the ALJ, she must base her determination on some medical evidence.

The *Watson* case from this district, which Defendant cites, differs from this

case. *Watson v. Social Security Administration*, No. 4:22-CV-00703-BRW-JTK, 2023 U.S. Dist. LEXIS (E.D. Ark. June 8, 2023), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 111760 (E.D. Ark. June 28, 2023). In that case, the ALJ did not develop the record beyond the required agency expert reports, but the medical evidence was not in conflict and Watson had not followed up with treatment. *Id*. at 5-7. Here, Mr. Kendrick's 2022 MRIs conflict with the medical expert opinions.

In this case, the ALJ did not properly develop the record with respect to the 2022 MRIs, giving little credit to Mr. Kendrick's physical therapy records or his own allegations of pain. This undermined the RFC determination.

### VI. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to properly develop the record.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further consideration.

IT IS SO ORDERED this 2nd day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE