IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JACKY DON KENDRICK**                                                                    **PLAINTIFF**

**v.**                                    **Case No. 4:24-cv-00221-KGB**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                           **DEFENDANT**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 9). Judge Harris recommends reversing and remanding the action for further consideration (*Id.*, at 8). The Commissioner of the Social Security Administration ("Commissioner") filed timely objections to Judge Harris's Recommendation (Dkt. No. 10). After careful consideration of the Recommendation and the objections, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 9). The Court reverses the Commissioner's decision and remands this action for further action consistent with this opinion. The Court writes to address the Commissioner's objections.

**I.    Background**

Plaintiff Jacky Don Kendrick filed a Title II application for disability and disability insurance benefits in which he alleged that his disability began on October 6, 2019 (Dkt. No. 9, at 1). Mr. Kendrick's application was denied initially and on reconsideration (*Id.*). After a hearing held on December 15, 2022, the Administrative Law Judge ("ALJ") found that Mr. Kendrick had not engaged in substantial gainful activity since the alleged onset date (*Id.*, at 2; Dkt. No. 5, at 22). According to the ALJ, Mr. Kendrick had the following impairments: "lumbar spine stenosis and degenerative disc disease, thoracic spine degenerative disc disease and minor scoliosis, bipolar

disorder, schizophrenia, intermittent explosive disorder, and syncope." (Dkt. No. 9, at 2).  The ALJ determined that Mr. Kendrick did not have a listed impairment, and he had the residual functional capacity ("RFC") to perform work at the light exertional level given his physical and mental impairments (Dkt. No. 9, at 3).  With the help of a vocational expert, the ALJ determined that Mr. Kendrick is unbale to perform any past relevant work but that Mr. Kendrick could perform work in the national economy (*Id.*)  Therefore, the ALJ found that Mr. Kendrick was not disabled (*Id.*).

Judge Harris concluded that the ALJ failed to develop properly the record with respect to Mr. Kendrick's allegations of his back pain (*Id.*, at 5).  Specifically, Judge Harris found that the ALJ's decision is not supported by substantial evidence, and Judge Harris recommended that he Commissioner's decision be reversed and remanded for further consideration (*Id.*, at 8).

## II.     Discussion

The Commissioner objects to Judge Harris's Recommendation because the Commissioner claims that the Eighth Circuit has expressly held that an ALJ is not required to rely upon a medical opinion when formulating the RFC (Dkt. No. 10, at 1).  Specifically, the Commissioner claims that Judge Harris "erred by equating the phrase 'some medical evidence' with a medical opinion." (Dkt. No. 10, at 2).

However, as Judge Harris correctly found, that is not the issue in this case.  "The key issue in this case is [Mr. Kendrick's] RFC.  This is a medical question." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) (quoting *Ford v. Sec'y of Health & Hum. Servs.*, 662 F. Supp. 954, 955 (W.D. Ark. 1987)).  It is settled Eighth Circuit precedent that:

> once a claimant demonstrates that he or she is unable to do past relevant work, the burden of proof shifts to the Commissioner to prove, first that the claimant retains the residual functional capacity to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do.

*Id.* (citing *McCoy v. Schweiker*, 683 F.2d 1138, 1146–47 (8th Cir. 1982) (en banc)). In *Nevland*, the ALJ found that the claimant was unable to do past relevant work, but the Eighth Circuit found that "there [was] no medical evidence about how [the claimant's] impairments affect his ability to function." *Id.* The ALJ did not ask any of the claimant's doctors to comment on the claimant's ability to function in the workplace. *Id.* Rather, the ALJ relied on the opinions of non-treating, non-examining physicians to form an opinion of the claimant's RFC. *Id.* The Eighth Circuit concluded that the ALJ did not fully and fairly develop the record because the ALJ "should have sought such an opinion from [the claimant's] treating physicians or, in the alternative, ordered consultative examinations, including psychiatric and/or psychological evaluations to assess [the claimant's] mental and physical residual functional capacity." *Id.*

Similar to the ALJ in *Nevland* who failed to develop the record with respect to the claimant's mental and physical RFC, the ALJ in the present case did not develop the record with respect to the critical objective MRI findings that occurred after the medical opinions the ALJ considered in making the RFC determination and before the ALJ's final decision (Dkt. No. 9, at 7). Two medical experts opined in August 2021 and May 2022 that Mr. Kendrick did not have any severe physical impairments, and a medical examiner who saw Mr. Kendrick on March 15, 2021, found that Mr. Kendrick did not have severe medical impairments or restrictions on physical abilities in the workplace (*Id.*, at 6). However, after these opinions were given, Mr. Kendrick had an MRI on August 30, 2022, that uncovered findings of multilevel degenerative disc disease with stenosis (*Id.*, at 5). The MRI results showed disc protrusion and stenosis with contact with the ventral cord (*Id.*). Moreover, physical therapy records generated prior to the MRI showed that Mr. Kendrick had a 10 out of 10 pain level with difficulty performing daily activities (*Id.*). On

3

December 15, 2022, the ALJ presided over the hearing (Dkt. No. 5, at 22).  As noted by Judge Harris, the ALJ did not "seek opinion evidence subsequent to the 2022 MRIs.  [The ALJ] created an RFC determination without objective opinion evidence about what Mr. Kendrick could actually do in a work setting."  (Dkt. No. 9, at 7).

Contrary to the Commissioner's assertion that Judge Harris shifts the responsibility for determining the RFC from the Commissioner to a doctor (Dkt. No. 10, at 2), Judge Harris correctly identifies the need for the ALJ to seek RFC opinion evidence subsequent to the August 30, 2022, MRIs, understanding that the relevant time-period ended on March 9, 2023, the date of the ALJ's decision; explained the ALJ should have ordered follow-up examination or recontacted the medical experts; and that the inquiry should be how Mr. Kendrick's impairments affect his ability to function in the workplace (Dkt. No. 9, at 6–7).  Instead of doing so, the ALJ based the RFC determination on the opinions that predated the MRI to conclude that Mr. Kendrick "had no verifiable condition that would preclude [him] from performing the requirements of work . . ." outlined in the ALJ's opinion (Dkt. No. 5, at 30–31).  Therefore, the Court concludes that the ALJ failed to develop the record. Accordingly, the Court overrules the Commissioner's objections.

### III.     Conclusion

For these reasons, the Court adopts Judge Harris's Recommendation as this Court's findings in all respects (Dkt. No. 9).  The Court reverses the Commissioner's decision and remands this action for further action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

So ordered this 19th day of February, 2025.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge